December 29, 1922. The opinion of the Court was delivered by
"On the 9th day of May, 1922, the plaintiff above named commenced its action in the Court of Common Pleas for York County against the defendants above named. The defendants answered the same day. On the same day application was made to his Honor, Judge Ernest Moore, at his chambers at Lancaster, S.C. for an order appointing a receiver for the property of the defendants and an injunction against all creditors of said defendants from entering suit against said defendants, or otherwise prosecuting their claims against said defendants than through the receivership action. Upon the verified complaint and answer, his Honor, Judge Moore, passed the order hereinafter set out. The receivers therein appointed duly qualified, gave bond and entered upon the discharge of their duties.
"On July 31, 1922, petitioner served a notice upon respondent's counsel that, upon the verified petition hereinafter set out, petitioner would move his Honor, Judge *Page 243 
Sease, at his chambers at Spartanburg, S.C. (there being no resident or other Judge in the Sixth Circuit at the time), to vacate and set aside said order appointing receivers and enjoining creditors. Said hearing was had before his Honor, Judge Sease, who, on August 26, 1922, passed an order refusing the motion of petitioner. Said order has never been served on petitioner nor its counsel, but on the 4th day of September, 1922, petitioner by counsel served notice on respondent's counsel of petitioner's intention to appeal to the Supreme Court from the order of his Honor, Judge Sease." From the order of Judge Sease appellant appeals, and by twelve exceptions imputes error. The issues raised by exceptions and for this Court's decision are: (1) Was Judge Moore right in passing the order appointing receivers? (2) Has the appellant any right now to attack this order?
Upon the showing before Judge Moore, the concern of J.N. McGill's Sons Company were practically, at that time, insolvent under Akers v. Rowan, 33 S.C. 451;12 S.E., 165; 10 L.R.A., 705, and under the facts and circumstances, as appearing before him at that time, and if it appeared within the sound discretion of the Court that a receiver should be appointed, then he had a perfect right to do so. As it is the inherent right of the Court to appoint a receiver in each particular case, when the facts and circumstances show that the ends of justice would be served, the Court, under such circumstances, has the right to exercise its sound legal discretion.
The defendants consented to the appointment. All the facts and circumstances show that the appointment was proper, and no authority has been cited, showing that it was forbidden by any statute. We see no abuse of discretion on Judge Moore's part in appointing receivers; it was for the best interests of all, the creditors and the defendants. *Page 244 
No right of petitioner has been affected. Petitioner's right is that of other creditors, and petitioner will not be allowed to override the wishes of a majority of the other creditors, as it is deprived of no right or remedy, as it can get every right in the present case.
The receivership should stand, but Judge Moore's order should be modified as to the injunction, forbidding the suing of the individual members of the firm, as no receivership was appointed for the individual property of the members of the firm, and as the complaint did not ask for a receivership for that purpose.
Order appealed from modified.